IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HARTFORD LIFE INSURANCE COMPANY and HARTFORD INSURANCE COMPANY OF ILLINOIS, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 11 cv 2209 |
| DEBORAH J. SOLOMON, in her capacity as the Independent Administrator of the ESTATE OF DAVID A. SOLOMON, 321 HENDERSON RECEIVABLES LIMITED PARTNERSHIP, a Nevada Company, J.G. WENTWORTH ORIGINATIONS, LLC, a Nevada Company, J.G. WENTWORTH, INC., a Nevada Company, J.G. WENTWORTH STRUCTURED SETTLEMENT FUNDING II, LLC, a Nevada Company, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MOTION TO DISMISS

JG Wentworth Origination, LLC, a Nevada Limited Liability Company, incorrectly named as JG Wentworth, Inc., by and through its attorneys, Geleerd Law Group, LLC, pursuant to FRCP 12(b)(6), hereby moves this Honorable Court to dismiss with prejudice Count I and Count II of Defendant Deborah J. Solomon, Independent Administrator of the Estate of David A. Solomon's ("Estate") CrossClaim against JG Wentworth Origination, LLC, as the same fails to state a claim upon which relief can be granted. In support thereof, JG Wentworth Origination, LLC states as follows:

**I.**

Estate summarily alleges and argues that JG Wentworth Origination, LLC wrongfully acquired a Hartford Insurance Company annuity. Estate attached to its pleadings copies of some of the documents and materials that accompanied the underlying transaction Estate herein complains of. Estate's position based on those documents and materials, is woefully inadequate as a basis for Estate's CrossClaim against JG Wentworth Origination, LLC. For the reasons set forth below, this Honorable Court should dismiss with prejudice Count I and Count II of Estate's CrossClaim against JG Wentworth Origination, LLC as the same fails to state a claim upon which relief can be granted.

## II.

The following facts are not in dispute. The deceased, David Solomon was the recipient of certain structured annuity benefits issued by Hartford Life Insurance Company for his benefit stemming from a settlement of a personal injury action. Certain benefits called for in the underlying Agreement were as follows:

A) One (1) payment of $25,000.00 on March 16, 2011; and

B) One (1) payment of $50,000.00 on March 16, 2016; for a

    TOTAL:     $75,000.00.

Thereafter, David Solomon entered into a Purchase Agreement with 321 Henderson Receivables Origination, LLC, a Nevada Limited Liability Company (now known as J.G. Wentworth Origination, LLC), pursuant to which he agreed to sell and assign those payments to JG Wentworth Origination, LLC.

In exchange for the sale and assignment of the aforesaid payments, and in accord with a

Court Order to be entered by the Honorable Arthur C. Perivolidis, Probate Department, Cook County, Illinois, David Solomon would receive a lump sum cash payment in the amount of $21,500.00

That, in accord with the Structured Settlement Protection Act (215 ILCS 153/1 et. seq.) and Chapter 55 of the United States Code - Structured Settlement Factoring Transactions, section 5891, before the transfer was approved by Judge Perivolidis, David Solomon received a Disclosure Statement from JG Wentworth Originations, LLC, which provided the following:

    a. The amounts and due dates of the Structured Settlement payments to be transferred;

    b. The aggregate amount of the payments;

    c. The discounted present value of the payment with the discount rate used in determining the discounted present value;

    d. The gross amount payable to Petitioner in exchange for the payment;

    e. An itemized list of all applicable transfer expenses, other than attorneys fees and related disbursements payable in connection with the transferees application for approval of the transfer and the transferees best estimate of the amount of any such fees and disbursements;

    f. The net advance amount;

    g. The amount of any penalties or liquidated damages payable by the payee in the event of any breach of the transferred agreement by the payee; and

    h. A statement that the payee has the right to cancel the transfer agreement without penalty or further obligation not later than the third business day after the date the agreement is signed by the payee.

In accord with the rules, the Petition seeking the approval of the transfer of structured

settlement rights was served on the owner of the structured settlement payment rights, Hartford Cebsco, Plaintiff herein; and the issuer of the structured settlement payment rights, Hartford Life Insurance Company, also a named Plaintiff herein. The Notice of the Hearing on the Petition stated in pertinent part:

> Any interested party is entitled to support, oppose or otherwise respond to the PETITION, either in person or by counsel, by submitting written comments to the court or by participating in the hearing. This Notice is pursuant to the rules of the Illinois Supreme Court, the Illinois Code of Civil Procedure, the local rules of the Circuit Court of Sangamon County and the sections of the Federal and other applicable State statutes that apply to this PETITION, as may be set forth in the Petition.

Judge Perivolidis heard the Petition and on October 29, 2004, approved the Petition and entered the Order, Estate's Exhibit F.

### III.

When this Honorable Court reviews Estate's Exhibits D through F, and JG Wentworth Originations, LLC Exhibit 1 and Exhibit 2, as well as a review of the applicable statutes, Structured Settlement Protection Act (215 ILCS 153/1 et. seq.) and Chapter 55 of the United States Code - Structured Settlement Factoring Transactions, section 5891, the evidence supports that Estate's claim against J.G Wentworth Originations, LLC fails to state a claim upon which relief can be granted. Moreover, since there is no basis in law or a good faith argument to change existing law, Counts I and II must be dismissed with prejudice.

Estate claims that the underlying settlement agreement contained an anti assignment language barring the proposed transfer. This allegation can never be proved or supported by evidence. It is the custom and practice in the structured settlement transfer matters, by agreement of all interested parties, that the anti assignment language is not enforced and is waived.

All interested parties to these transfer transactions, regularly agree to the Petition and stipulate to the Transfer Order. A stipulation is entered into by and among J.G. Wentorth Originations LLC f/k/a 321 Henderson Receivables Limited Partnership and the two insurance companies, the issuer and the obligor. All interested parties recognize that the intended recipient had entered into a written structured settlement agreement in connection with a claim giving rise to the structured payments.

All interested parties recognize that a settlement agreement provided for the disbursal of certain periodic payments to be made in the future, as well as the identity of the company who has the obligation to make the periodic payments and the company that is obligated to fund the periodic payments. All interested parties recognize that the Petition To Approve the Transfer of the Structured Settlement periodic payments must be approved by a Judge.

All interested parties recognize that the underlying agreement between the parties may contain a provision preventing the assignment of the future structured settlement payments. All interested parties stipulate either by written Stipulation or by not appearing and objecting at the hearing on the Petition to waive the anti assignment provision contained in the underlying agreement giving rise to the settlement and do not oppose the proposed transfer and agree not to enforce its right(s) to invoke the non assignability provision of the underlying agreement giving rise to the settlement.

Therefore, Estate's reliance on the anti assignment language found in the underlying settlement documents fails as a legal basis or a factual basis to state a claim upon which relief can be granted against J G Wentworth Originations, LLC.

**IV.**

In addition, Estate argues that proper notice was not sent to the beneficiaries of David Solomon. This argument also fails. Proper notice could not be sent to Mr. Solomon's beneficiaries as Mr. Solomon failed to disclose his beneficiaries, and in fact, disclosed that he had no beneficiaries. Attached hereto as *Exhibit 1* is Mr. Solomon's sworn Structured Settlement Client Application. This was a document that was produced to Estate in State Court in response to a Citation to Discover. A review of Mr. Solomon's sworn Structured Settlement Client Application reveals that in response to information about "your children," Mr. Solomon intentionally left those lines blank. Clearly, David Solomon intentionally omitted to notify JG Wentworth of any children despite his signature on his sworn Structured Settlement Client Application.

Therefore, Estate's reliance on a "notice" argument also fails as a legal basis or a factual basis to state a claim upon which relief can be granted against JG Wentworth Originations, LLC.

### V.

Lastly, as well recognized in Illinois, where Agreed Orders are entered, Estate does not have standing to contest the October 29, 2004 Court Order. Contrary to Estate's argument, the deceased was found to be a competent adult to enter into the transfer agreement, had independent counsel to advise him, had no objection to the anti assignment language and in fact had no objection to any portion of the proceeding. Attached hereto as *Exhibit 2*, also produced in response to the Citation to Discovery Property, is Mr. Solomon's attorney's letter memorializing his meeting and counsel to Mr. Solomon.

Almost seven years have passed since the October 29, 2004 Order was entered by the

Probate Court Judge, by agreement of all interested parties. Absent fraud, Estate is too late to challenge the October 29, 2004 Order. Estate attempts to make a claim for fraud arguing that Judge Perivolidis was told that Mr. Solomon had no dependents, which, as stated above, was based upon his sworn application. Thus, Estate's reliance on fraud also fails as a legal basis or a factual basis to state a claim upon which relief can be granted against JG Wentworth Originations, LLC.

## VI.

When this Honorable Court considers the exhibits on file, the October 29, 2004 Cook County Probate Order finding that the transfer did not contravene any Federal or State statute or the order of any court or responsible administrative authority; that the transfer was in the best interest of David Solomon, taking into account the welfare and support of his dependents, if any; that Judge Perivolidis in fact approved the assignment and transfer of the structured settlement payments, and finally that Estate has no basis in fact or law to state a claim upon which relief can be granted, Count I and Count II of Estate's CrossClaim must be dismissed with prejudice.

WHEREFORE, JG Wentworth Origination, LLC, a Nevada Limited Liability Company, incorrectly named as JG Wentworth, Inc., by and through its attorneys, Geleerd Law Group, LLC, respectfully prays that this Honorable Court dismiss with prejudice Count I and Count II of Defendant Deborah J. Solomon, Independent Administrator of the Estate of David A. Solomon's CrossClaim against JG Wentworth Origination, LLC, as the same fails to state a claim upon which relief can be granted.

Respectfully submitted,

JG WENTWORTH RECEIVABLES ORIGINATION, LLC

GELEERD LAW GROUP, LLC

<u>s/ Guy D. Geleerd, Jr.</u>

Trial Counsel

ARDC 6202446
Guy Delson Geleerd, Jr.
GELEERD LAW GROUP, LLC
30 North LaSalle Street - Suite 3200
Chicago, Illinois 60602
312-960-0007