IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARTFORD LIFE INSURANCE COMPANY and HARTFORD INSURANCE COMPANY OF ILLINOIS,<br><br>    Plaintiffs/Counter-defendants,<br><br>v.<br><br>Deborah J. Solomon, in her capacity as the Independent Administrator of the ESTATE OF DAVID A. SOLOMON, 321 HENDERSON RECEIVABLES L.P., J.G. WENTWORTH ORIGINATIONS, LLC, J.G. WENTWORTH, INC., and J.G. WENTWORTH STRUCTURED SETTLEMENT FUNDING II, LLC,<br><br>    Defendants. | Case No. 11 cv 2209<br><br>Judge John F. Grady<br><br>Mag. Judge Sheila M. Finnegan |

**HARTFORD'S MEMORANDUM OF LAW IN SUPPORT OF DISMISSAL OF THE ESTATE'S COUNTERCLAIM FOR LACK OF SUBJECT-MATTER JURISDICTION**

Pursuant to the Court's Order dated March 21, 2012 (the "March 21, 2012 Order"), Plaintiffs/Counter-defendants HARTFORD LIFE INSURANCE COMPANY ("Hartford Life") and HARTFORD INSURANCE COMPANY OF ILLINOIS ("Hartford Illinois") (collectively, "Hartford"), by and through their attorneys, William A. Chittenden, Craig M. Bargher, and Chittenden, Murday & Novotny LLC, state as follows for their Memorandum of Law in Support of Dismissal of the Estate's Counterclaim for Lack of Subject-Matter Jurisdiction, which Counterclaim was filed against them by defendant Deborah Solomon, in her capacity as the Independent Administrator of the ESTATE OF DAVID SOLOMON (the "Estate"):

**I.     INTRODUCTION**

In the March 21, 2012 Order, this Court correctly observed that it may lack subject-matter jurisdiction over the Estate's counterclaim against Hartford (the "Counterclaim"), as well

as the Estate's cross-claim against 321 Henderson Receivables, L.P. ("321 Henderson"), J.G. Wentworth Originations, LLC, J.G. Wentworth, Inc., and J.G. Wentworth Structured Settlement Funding II, LLC, under the *Rooker-Feldman* doctrine. [Doc. # 55, p. 1-2]. Accordingly, this Court requested that the parties submit briefs addressing "whether the doctrine applies, and if so, what the consequences are for Hartford's interpleader claim." [Doc. # 55, p. 6].

In short, the *Rooker-Feldman* doctrine applies to all three counts of the Counterclaim, which seek only to redress injuries caused by or "inextricably intertwined" with the state court's order approving the transfer of the right to receive a certain $45,000 payment from David Solomon ("Solomon"), now deceased, to 321 Henderson (the "State Court Judgment"). As this Court is aware:

> Solomon settled a personal injury lawsuit with the defendant and his insurer (Hartford Illinois) for an upfront payment and Hartford [Illinois]'s promise to pay an additional $45,000 on March 31, 2011. . . . Shortly afterwards, Hartford Life agreed to pay the settlement amount to Solomon on Hartford Illinois's behalf. . . . Both the settlement agreement and the annuity contract provide that Solomon's estate will receive the payment in the event of his death prior to March 31, 2011. . . . In June 2004, Solomon agreed to sell the right to receive the $45,000 payment to cross-defendant [321 Henderson]. . . . Pursuant to the Illinois Structured Settlement Protection Act (the "ISSPA"), 215 ILCS 153/1 et seq., 321 Henderson petitioned a state court to approve the transfer.

[Doc. # 55, p. 3]. By way of the State Court Judgment, the state court approved the transfer and explicitly directed Hartford to make the payment at issue to 321 Henderson. [Doc. # 55, p. 4-5].

Faced with conflicting claims to the payment when the payment became due, however, Hartford filed its Complaint for Interpleader (the "Complaint") [Doc. #1]. In response to the Complaint, the Estate filed its Answer, Defenses, Counterclaim and Cross-Claim. [Doc. #24]. Counts I and II of the Estate's Counterclaim allege that Hartford breached the settlement agreement and annuity contract by not paying the Estate $45,000 on March 31, 2011, while

2

Count III of the Counterclaim alleges that Hartford misled the state court during the above-referenced state court transfer proceedings by, among other things, failing to inform the state court that the disputed payment was "non-transferrable" and that Solomon had minor children. [Doc. #24, p. 13-18].

With respect to all three Counts of the Counterclaim, the elements of the *Rooker-Feldman* doctrine are present. The State Court Judgment was rendered before Hartford commenced this action by filing and serving the Complaint. Moreover, the Estate, which is in privity with a state court "loser" (Solomon), now complains of injuries that were caused by or are "inextricably intertwined" with the State Court Judgment and ultimately invites the Court to review and reject the State Court Judgment. As recognized by the *Rooker-Feldman* doctrine, jurisdiction to hear such "appeals" from state court judgments is reserved exclusively for the Supreme Court of the United States. Thus, this Court lacks subject-matter jurisdiction over all three counts of the Counterclaim, and the Counterclaim should be dismissed in its entirety.

With respect to Hartford's underlying interpleader claim, however, the *Rooker-Feldman* doctrine is inapposite. As the Estate admitted in its Answer to the Complaint, the Court has *original jurisdiction* over Hartford's interpleader claim under the Federal Interpleader Statute, 28 U.S.C. § 1335, as the payment at issue exceeds the sum of $500 and two of the defendants are of diverse citizenship within the meaning of 28 U.S.C. §§ 1332(a) and 1335. No argument has or can be made that Hartford is attempting to call the State Court Judgment into question. In fact, Hartford Life and Hartford Illinois are indifferent as to which of the defendants this Court ultimately holds to be entitled to the disputed payment, which, pursuant to leave of this Court has been deposited with the registry of the court. Consequently, the *Rooker-Feldman* doctrine does not apply to Hartford's interpleader claim, and this Court has subject-matter jurisdiction over it.

For all of these reasons, as more fully set forth below, Hartford respectfully requests that the Court enter judgment dismissing the Counterclaim in its entirety, granting Hartford leave to re-file its previously filed Motion for Judgment on the Pleadings [Doc. #39] forthwith, and granting such other and further relief as the Court may deem just and proper.

## II. RELEVANT FACTS

As demonstrated by the March 21, 2012 Order, this Court is fully familiar with the relevant facts. Accordingly, rather than repeat those facts at length herein, Hartford respectfully relies upon the facts set forth in their previously filed Motion for Judgment on the Pleadings [Docs. #39, 41] and incorporates those facts herein by reference.

## III. ARGUMENT

The *Rooker-Feldman* doctrine precludes federal district courts from exercising subject matter jurisdiction over claims that essentially amount to collateral attacks on final state court judgments. *See, e.g., GASH Assocs. v. Village of Rosemont, Illinois*, 995 F.2d 726, 727 (7th Cir. 1993) ("Litigants cannot file collateral attacks on civil judgments . . . . The *Rooker-Feldman* doctrine creates a jurisdictional obstacle to [such] collateral review . . . ."). The doctrine recognizes that because the United States Supreme Court has exclusive federal appellate jurisdiction over state court judgments pursuant to 28 U.S.C. § 1257, district courts lack subject-matter jurisdiction over claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 645 (2011) (noting that *Rooker-Feldman* doctrine "prevents lower federal courts from reviewing state-court judgments, over which only the United States Supreme Court has federal

appellate jurisdiction"). As set forth in *Exxon Mobil*, four elements must be present for the *Rooker-Feldman* doctrine to apply.

First, the party advocating the claim must have "lost" in state court. *See id.; Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008) (indicating that "state-court loser" is any party that is "dissatisfied with a result in state court"). Second, the claim must complain of injuries that were caused by, or are "inextricably intertwined" with, the state court judgment (as opposed to injuries caused by a third party). *See Exxon Mobil*, 544 U.S. at 284; *see also Brown v. Bowman*, 668 F.3d 437, 444 (7th Cir. 2012) (noting that "[t]he determination of whether a federal claim is 'inextricably intertwined' hinges on whether it alleges that the supposed injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy"). Third, the party advocating the claim must invite the district court to "review and reject" the state court judgment. *See Exxon Mobil*, 544 U.S. at 284. Finally, the state court judgment must have been rendered before the proceedings in the federal court were commenced. *See id.*

Significantly, complete identity of the parties is not required. *See, e.g., Lance v. Dennis*, 546 U.S. 459, 466 n.2 (2006) ("In holding that *Rooker-Feldman* does not bar the plaintiffs here from proceeding we need not address whether there are any circumstances, however limited, in which *Rooker-Feldman* maybe applied against a party not named in an earlier proceeding – *e.g.*, where an estate takes a *de facto* appeal in a district court of an earlier state decision involving the decedent."); *McCormick v. Braverman*, 451 F.3d 382, 396 (6th Cir. 2006) (adopting view that "a person in privity with the actual party who loses in state court may be deemed a state-court loser" and noting that "[a] state party may not circumvent the [*Rooker-Feldman* doctrine] simply by substituting a privy's name for his own in the federal claim"); *In re Chinin*, 327 B.R. 325, 333

5

n.8 (Bankr. N.D. Ill. 2005) ("Substitution of the estate trustee as plaintiff in place of Chinin . . . will not preclude application of *Rooker-Feldman*, because the estate trustee and Chinin are in privity"). In other words, a party in privity with a state-court loser may be barred by the Rooker-Feldman doctrine from re-litigating issues decided in a prior state court proceeding. *See In re Chinin*, 327 B.R. at 333.

### A. The Court Lacks Subject-Matter Jurisdiction Over The Estate's Counterclaim Under the *Rooker-Feldman* Doctrine

With respect to all three Counts of the Counterclaim, all of the elements of the *Rooker-Feldman* doctrine are present. While the Estate was not a party to the transfer proceedings in state court, Solomon was. Because Solomon forfeited his right to receive the payment as a result of the state court proceedings, the Estate may properly be considered a "state-court loser." Moreover, the Estate now complains of injuries caused by the State Court Judgment, which was rendered long before the current action was commenced. As explained in greater detail below, the Estate has further invited this Court to review and reject the State Court Judgment. As a result, the *Rooker-Feldman* doctrine applies to bar this Court's review of the Counterclaim. *See, e.g., Exxon Mobil*, 544 U.S. at 284.

#### 1. Counts I and II of the Counterclaim Fall Squarely Within the Parameters of the *Rooker-Feldman* Doctrine

In Counts I and II of the Counterclaim, the Estate alleges that Hartford breached the settlement agreement and the annuity contract by not making the $45,000 payment to the Estate on March 31, 2011. [Doc. #24, p. 13-14]. It is beyond dispute, however, that but for the State Court Judgment, Hartford would have made the payment to the Estate. As this Court has recognized, the State Court Judgment "explicitly directed Hartford to make the disputed payment to 321 Henderson." [Doc. #55, p. 4]. Thus, to rule in the Estate's favor on Counts I and II of the

Counterclaim, this Court would be required to review and reject the State Court Judgment in violation of the *Rooker-Feldman* doctrine.

In *GASH*, the plaintiff commenced an action in federal court against the Village of Rosemont, which was the successful bidder at a foreclosure sale previously confirmed by the state court. *See GASH*, 995 F.2d at 727. While the action was styled as an inverse condemnation action, the Seventh Circuit ruled that the plaintiff was "attacking the judgment itself." *Id.* at 727-28. As Judge Easterbrook explained:

> [Plaintiff] believes that the sale should not have been confirmed at such a low price and wants the buyer to pay more. . . . [I]t has no claim independent of the state court's adverse decision. To put this differently, the injury of which GASH complains was caused *by* the judgment . . . . GASH did not suffer an injury out of court and then fail to get relief from state court; its injury came from the judgment confirming the sale . . . . Because GASH complains about the judgment entered by a state court, the district court lacked jurisdiction.

*Id.* at 728-29.

Just as the plaintiff in *GASH* sought to attack a state court judgment confirming a foreclosure sale, the Estate seeks to attack a state court judgment approving a transfer. As Solomon, in fact, could not have transferred the right to payment without the state court's approval, it strains credulity to argue that Counts I and II of the Counterclaim allege any injury "independent" of the State Court Judgment. *See* 215 ILCS 153/15; *see also Ritter v. Ross*, 992 F.2d 750, 754-55 (7th Cir. 1993) (holding that *Rooker-Feldman* doctrine bars subject matter jurisdiction where plaintiff would have no claim "but for" the state court judgment at issue). For these reasons, the Court should dismiss Counts I and II of the Counterclaim for lack of subject-matter jurisdiction.

### 2. Count III of the Counterclaim Does Not Allege An Injury "Independent" of the State Court Judgment

The Estate is likely to argue that Count III of the Counterclaim alleges an injury "independent" of the State Court Judgment because it purportedly seeks to remedy alleged omissions by Hartford before the state court, which necessarily occurred prior to the issuance of the State Court Judgment. The Estate, however, cannot escape the *Rooker-Feldman* doctrine through mere clever pleading.

Indeed, the United States Court of Appeals for the Seventh Circuit rejected an almost identical argument in *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600 (7th Cir. 2008). In *Kelley*, plaintiffs argued that the *Rooker-Feldman* doctrine did apply to bar their federal claims because those claims were "independent of the state court judgments" in that they sought to remedy "defendants' deceptive *representations* and *requests* related to attorney fees and not the fact that the state courts awarded attorney fees." *Kelley*, 548 F.3d at 603. The Court rejected plaintiffs' argument, finding that "[b]ecause defendants needed to prevail in state court in order to capitalize on the alleged fraud, the . . . claims that plaintiffs bring ultimately require [the Court] to evaluate the state court judgments." *Id.* at 605. If the Court in *Kelley* determined that defendants' representations and requests related to attorneys' fees violated the law, it would have effectively been required to determine that the state court erred by issuing judgments granting the attorneys' fees. *See id.*

In this case, state court approval was necessary for the transfer of the right to payment from Solomon to 321 Henderson. *See* 215 ILL. COMP. STAT. 153/15. Thus, if this Court were to determine that Hartford's alleged omissions during the state court proceedings justify payment of the $45,000 to the Estate, the Court would effectively be required to determine that the state court erred in approving the transfer by way of the State Court Judgment. Under the *Rooker-*

*Feldman* doctrine, however, the Supreme Court of the United States has exclusive federal jurisdiction over the Estate's "appeal." Because it fails to allege an injury "independent" of the State Court Judgment, the Court should dismiss Count III of the Counterclaim for lack of subject-matter jurisdiction.

### B. The *Rooker-Feldman* Doctrine Does Not Apply to Hartford's Interpleader Claim

Simply put, the *Rooker-Feldman* doctrine does not apply to Hartford's interpleader claim. Hartford was not a "loser" in state court, does not complain of any injury occasioned by the State Court Judgment, and has never requested that this Court "review and reject" the State Court Judgment in any respect. Rather, Hartford filed an interpleader action as a disinterested party, and pursuant to leave of this Court, deposited the amount of the admitted liability with the registry of the court. In an interpleader action, the court determines who will receive the deposited funds – a task here which, at most, would require this Court to *interpret* the State Court Judgment.

The Federal Interpleader Statute explicitly confers upon the district courts *original jurisdiction* over interpleader claims filed by corporations having custody or possession of money or property of the value of $500 or more if two or more adverse claimants of diverse citizenship are claiming or may claim to be entitled to such money or property. *See* 28 U.S.C. § 1335(a). In this case, it is undisputed that the payment at issue exceeds the sum of $500 and two of the defendants are of diverse citizenship within the meaning of 28 U.S.C. §§ 1332(a) and 1335. Accordingly, this Court has original jurisdiction over Hartford's interpleader claim.

In light of the foregoing, the *Rooker-Feldman* doctrine is inapplicable to Hartford's interpleader claim, and this Court has subject-matter jurisdiction over it.

## IV. CONCLUSION

For all of the reasons set forth herein, this Court should enter judgment (i) dismissing the Counterclaim in its entirety, (ii) granting Hartford leave to re-file its previously filed Motion for Judgment on the Pleadings; and (iii) granting such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        HARTFORD LIFE INSURANCE COMPANY
        and HARTFORD INSURANCE COMPANY OF ILLINOIS

        By: /s/Craig M. Bargher
            Craig M. Bargher
            CHITTENDEN, MURDAY & NOVOTNY LLC
            303 W. Madison St., Suite 1400
            Chicago, IL 60606
            312.281.3600 phone
            312.281.3678 fax
            cbargher@cmn-law.com
            Illinois Bar No. 6215735

William A. Chittenden III
Craig M. Bargher
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison Street
Suite 1400
Chicago, Illinois  60606
Telephone:  (312) 281-3600
Facsimile:  (312) 281-3678
wchittenden@cmn-law.com
cbargher@cmn-law.com

OF COUNSEL
Katherine A. Scanlon *(pro hac vice)*
SEIGER GFELLER LAURIE LLP
Blue Back Square
65 Memorial Road, Suite 340
West Hartford, Connecticut  06107-2434
Telephone:  (860) 760-8455
Facsimile:  (860) 760-8400
kscanlon@sgllawgroup.com

## *Certificate of Service*

       I hereby certify that on **April 13, 2012**, I electronically filed the foregoing Memorandum of Law in Support of Dismissal of the Estate's Counterclaim for Lack of Subject-Matter Jurisdiction with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system, which sent notification of such filing to the following registered CM/ECF participants:

       Angelika Marie Kuehn
       kuehn@amkuehn.com

       Guy Delson Geleerd, Jr.
       guy963@aol.com

                                         /s/ Craig M. Bargher
                                              Craig M. Bargher